IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**MONICA SCRUGGS**,

    Plaintiff,

-against-

**CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM**, and **THE CMI GROUP, INC., d/b/a A to Z CALL CENTER SERVICES, LP,**

    Defendants.

Civil Case No.: **1:17-cv-00391-MAC**

**<u>CIVIL ACTION</u>**

**AMENDED COMPLAINT
and
JURY TRIAL DEMAND**

Plaintiff MONICA SCRUGGS ("<u>Plaintiff</u>"), by and through her undersigned attorneys, brings this Amended Complaint against the Defendants CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM ("CHARTER") and THE CMI GROUP, INC., d/b/a A to Z CALL CENTER SERVICES, LP ("CMI GROUP" and collectively "Defendants"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA) and Texas Business and Commercial

Code § 305.053. Plaintiff has been receiving incessant unwanted calls from the Defendant, all in an attempt to collect a debt from an unrelated third party, and seeks damages as a result of those calls.

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

4. Plaintiff is a natural person who resides in Orange, Texas.

5. Defendant Spectrum is a corporation incorporated in the State of Delaware with its principal place of business located in the State of Connecticut.

6. Defendant The CMI Group, Inc. is a corporation with its principal place of business located at 4200 International Parkway, Carrollton, TX 75007, which does business as A to Z Call Center Services, LP.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant Charter and Time Warner Cable (Defendant's predecessor, acquired by Defendant through merger) began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (409) 882-8241 on hundreds of occasions.

11. When the Plaintiff would answer the Defendant's calls, the Defendant's representatives would ask to speak with an individual named E*** Lopez (name redacted to protect third parties privacy) about a debt owed by that individual.

12. Plaintiff is the customary and sole user of the cellular phone number (409)

882-8241.

13. The Defendant called from numerous phone numbers, including but not limited to (800)892-2253.

14. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with automated voice saying: "Welcome to Spectrum."

15. Defendant used an automated telephone dialing system to call the Plaintiff on her cell phone typically 3-4 times a day.

16. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

17. The Plaintiff never gave the Defendant her prior, express permission to place calls to her cell phone regarding the account of E*** Lopez (name redacted to protect third parties privacy), and certainly never consented to any such calls placed via the use of an automated telephone dialing system or prerecorded voice messages.

18. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, repeatedly told the Defendant that she was not E*** Lopez (name redacted to protect third parties privacy), that it had the wrong number, and that Defendant should stop calling her cell phone number.

19. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) and Texas Business and Commerce Code § 305.053, both of which which prohibits using any automated telephone

dialing system or an artificial prerecorded voice to call any telephone number assigned to a cellular telephone service without the consent of the called party.

20. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of her cellular phone during the times that the Defendant was calling her cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

21. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

22. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as well as Texas Business and Commerce Code § 305.053

23. As a result of Defendant's violations of the TCPA and the Texas Business and Commerce Code, Plaintiff has been damaged and is entitled to damages set forth by both of those statutes.

## FIRST CAUSE OF ACTION

### (Violations Of The TCPA By Charter)

24. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

26. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

27. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

### (Violations Of The Texas Business and Commerce Code By Charter)

28. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the Texas Business and Commerce Code, including but not limited to Texas Business and Commerce Code § 305.053.

30. As a result of Defendant's violations of Texas Business and Commerce Code § 305.053 *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of § 305.053 pursuant to § 305.053(b).

31. As a result of Defendant's violations of § 305.053 *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of § 305.053 pursuant to § 305.053(c).

## THIRD CAUSE OF ACTION

### (Invasion Of Privacy By Charter)

32. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

33. Defendant's hundreds of calls to the Plaintiff, all after the Plaintiff advised the Defendant that it had the wrong number and that it should stop calling her, was an intrusion on the Plaintiff's of seclusion, and an invasion of the Plaintiff's privacy.

34. Defendant's conduct was intention and would be highly offensive to any reasonable person.  To repeat, the Defendant sought to contact an individual named E*** Lopez (name redacted to protect third parties privacy), in order to collect a debt from that individual.  Even after being repeatedly advised by Plaintiff that it had the wrong number, the Defendant persisted in placing hundreds of calls to the Plaintiff seeking this individual, harassing the Plaintiff 3-4 times a day.

35. As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages.

## FOURTH CAUSE OF ACTION
### (Violations Of The TCPA By The CMI Group)

36. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

37. Upon information and belief, and based on documents provided by Charter in discovery, the CMI Group was hired by Charter to contact the Plaintiff.

38. Upon information and belief, and based on documents provided by Charter in discovery, the CMI Group communicated with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (409) 882-8241 on numerous occasions.

39. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the

placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

40. The Plaintiff never gave the Defendant her prior, express permission to place calls to her cell phone regarding the account of E*** Lopez (name redacted to protect third parties privacy), and certainly never consented to any such calls placed via the use of an automated telephone dialing system or prerecorded voice messages.

41. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) and Texas Business and Commerce Code § 305.053, both of which which prohibits using any automated telephone dialing system or an artificial prerecorded voice to call any telephone number assigned to a cellular telephone service without the consent of the called party.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

43. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

44. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

# FIFTH CAUSE OF ACTION

## (Violations Of The Texas Business and Commerce Code By The CMI Group)

45. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the Texas Business and Commerce Code, including but not limited to Texas Business and Commerce Code § 305.053.

47. As a result of Defendant's violations of Texas Business and Commerce Code § 305.053 *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of § 305.053 pursuant to § 305.053(b).

48. As a result of Defendant's violations of § 305.053 *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of § 305.053 pursuant to § 305.053(c).

# SIXTH CAUSE OF ACTION

## (Invasion Of Privacy By The CMI Group)

49. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

50. Defendant's hundreds of calls to the Plaintiff, all after the Plaintiff advised the Defendant that it had the wrong number and that it should stop calling her, was an intrusion on the Plaintiff's of seclusion, and an invasion of the Plaintiff's privacy.

51. Defendant's conduct was intention and would be highly offensive to any reasonable person. To repeat, the Defendant sought to contact an individual named E*** Lopez (name redacted to protect third parties privacy), in order to collect a debt from that individual. Even after being repeatedly advised

by Plaintiff that it had the wrong number, the Defendant persisted in placing hundreds of calls to the Plaintiff seeking this individual, harassing the Plaintiff numerous times a day.

52. As a result of the Defendant's actions, the Plaintiff has been harmed, and is entitled to damages.

## **DEMAND FOR TRIAL BY JURY**

53. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A.    For mandatory statutory damages of $500 pursuant to 47 USC §227(c)(2)(G)(3)(B), for each call placed to the Plaintiff's cellular phone in violation of the TCPA;

    B.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C.    For mandatory statutory damages of $500 pursuant to Texas Business and Commerce Code § 305.053, for each call placed to the Plaintiff's cellular phone in violation of the Texas Business and Commerce Code;

    D.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the Texas Business and Commerce Code, for the Defendant's willful violations of the Texas Business and Commerce Code;

    E.    Entering an injunction, enjoining such future violations of the TCPA and Texas Business and Commerce Code.

F.    Awarding the Plaintiff compensation for the damages suffered as a result of the Defendant's harassment and invasion of her right to privacy and seclusion.

F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    February 1, 2018

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.,
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system on the 1st day of February, 2018, to the following:

Lindsey C. Cummings
BELLINGER & SUBERG, L.L.P.
10,000 N. Central Expressway, #900
Dallas, Texas 75231
(214) 954-9540—Telephone
(214) 954-9541—Facsimile
lcummings@bd-law.com

Dated:      February 2, 2018              /s/ Yitzchak Zelman
                                          Yitzchak Zelman
                                          NY Bar Number 5086509
                                          MARCUS & ZELMAN, LLC
                                          1500 Allaire Avenue,
                                          Ocean, New Jersey 07712
                                          Tel: (845)367-7146
                                          Fax: (732)298-6256
                                          Email:yzelman@marcuszelman.com